**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**
**(Civil Division)**

---------------------------------------------------------------

| | |
|---|---|
| AMANDA BETTS, | ) |
| 12524 Kempton Lane | ) |
| Woodbridge, VA 22192 | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
|   v. | ) |
| | )    COMPLAINT |
| | )    Civil Action No.: _____ |
| | ) |
| WASHINGTON METROPOLITAN AREA | )    **Jury Demanded** |
| TRANSIT AUTHORITY, | ) |
| 600 Fifth St., NW | ) |
| Washington, DC 20001 | ) |
| | ) |
| *Serve*: | ) |
|     Washington Metropolitan Area | ) |
|     Transit Authority | ) |
|     Office of General Counsel | ) |
|     600 Fifth St., NW | ) |
|     Washington, DC 20001 | ) |
| | ) |
|       Defendant. | ) |

---------------------------------------------------------------

## <u>COMPLAINT</u>

    **COMES NOW** the Plaintiff Amanda Betts (hereinafter "Plaintiff"), by and through her undersigned counsel, and  brings this action against Defendant Washington Metropolitan Area Transit Authority (hereinafter "WMATA" or "Defendant"), for the cause of action stated  as follows:

## <u>INTRODUCTORY STATEMENT</u>

    1.     Plaintiff brings this civil action pursuant  to Title VII of the Civil Rights Act of 1964

1

("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.; and 42 U.S.C. § 1981a, for relief from discrimination based on her sex-based (female), disability (pregnancy), and race (African-American), hostile work environment, and retaliation for engagement in protected EEO activity.

2.   Plaintiff further brings this civil action pursuant to Title I of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. § 12111-12117, which incorporate, through 42 U.S.C. § 12117(a), the powers, remedies, and procedures set forth in Title VII of the Civil Rights Act of 1964, as amended, included in 42 U.S.C. § 2000e *et seq*.

3.   Defendant discriminated against Plaintiff by subjecting her to, during the course of her employment with Defendant, discrimination based on her sex-based (female), disability (pregnancy), and race (African-American), hostile work environment, and retaliation for engagement in protected EEO activity.

## PARTIES

3.   Plaintiff is a United States citizen currently domiciled at 12524 Kempton Lane, Woobridge, VA 22192.

4.   Defendant WMATA is an interstate compact agency and, by the terms of its enabling legislation, an agency and instrumentality of the District of Columbia, State of Maryland, and Commonwealth of Virginia. It is headquartered in Washington, District of Columbia.

5.   Defendant is a "person" within the meaning of 42 USC § 2000e(a) and 42 U.S.C. § 12111(7), an "employer" within the meaning of 42 USC § 2000e(b) and 42 U.S.C. § 12111(5), and a "covered entity" within the meaning of 29 CFR § 1630.2(b) and 42 U.S.C. § 12111(2).

6.   Defendant is directly liable for the discriminatory acts or omissions of its agents, servants and employees while acting within the course and scope of its employment, under the theory of *Respondeat Superior*.

2

7.      At all relevant times, Plaintiff was an employee of  Defendant WMATA working as a Detective (*See* **Exhibit A**).

## JURISDICTION

8.      This Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as it asserts a claim that arises under the Constitution, laws or treaties of the United States, specifically Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*., and the Rehabilitation Act of 1973.

9.      This Honorable Court has authority to grant a declaratory judgment pursuant to 28 U.S.C. § 2201(and related relief pursuant to 28 U.S.C. § 2202), and authority to grant equitable relief and monetary damages pursuant to 42 U.S.C. § 12117(a).

## VENUE

10.      Venue is appropriate and based on the fact that a substantial part of the actions complained of are the result of actions and the employment practices of the Defendant, an Agency that operates within the District of Columbia, and occurred in the District  of Columbia. 28 U.S.C. § 1391; 42 U.S.C. § 2000e-5(f).

11.      Venue is further proper in this district because there is no other  district in which this action may otherwise be brought.  *Id*.

12.      Venue is further appropriate because a substantial part of the events or omissions giving  rise to this Complaint occurred within WMATA's buildings, facilities, and common carriers operating within this district.  28 U.S.C. § 1391.

## EXHAUSTION OF REMEDIES

13.      Plaintiff has exhausted all of her administrative remedies related to this case.

14.      Plaintiff filed three separate charges with the Equal Employment Opportunity

3

Commission ("EEOC") alleging sex-based (female), disability (pregnancy), and race (African-American) discrimination, reprisal, and hostile work environment:

    a.   On April 29, 2013, Plaintiff filed EEOC Charge No. 570-2013-00892, alleging ongoing discrimination related to (1) her pregnancy in that after she notified her supervisors, in May 2012, that she was pregnant, Defendant subjected her to harassment and treating her differently than males and non-pregnant (female) employees with respect to requests for transfers to administrative and limited duty assignments, requiring surrender of her service weapon, and unfair performance evaluations and (2) relation for her participation, as a witness, in a prior charge filed with the EEOC by her colleague, Detective Watkins (hereinafter "Charge 1").

    b.   On or about January 3, 2014, Plaintiff filed EEOC Charge No. 531-2013-01637, alleging ongoing discrimination related to retaliation and hostile work environment for providing testimony as a witness in a second matter filed by her colleague, Detective Watkins, receiving discipline for appealing her performance evaluation, and being suspended without pay and later terminated (hereinafter "Charge 2").

    c.   On or about 2015, Plaintiff filed EEOC Charge No. 531-2015-01481, the precise basis/bases of discrimination are unknown because it was filed prior to the EEOC adopting an online portal for archiving such documents, was not part of Plaintiff's union grievance, and EEOC did not provide a copy of it in response to Plaintiff's request for same  ("Charge 3").

15.    On or about January 28, 2015, in a parallel arbitration proceeding involving WMATA

4

and her union, the Fraternal Order of Police / Metro Transit Police Labor Committee, Inc., and involving claims other than her EEOC charges, Plaintiff won an award reinstating her, with back pay, to her position prior to termination.

16.   During the arbitration hearing on her grievance, the arbitrator explicitly stated that the union is not seeking relief "based on the EEOC complaint[s]".

17.   On or about April 26, 2019, EEOC notified Plaintiff that it would "discontinue" its investigation into Charges 1–3 because of an "Agreement reached" between Plaintiff and Defendant.

18.   On or about June 5, 2019, Plaintiff wrote a letter to the EEOC requesting that the investigation continue.

19.   On or about September 15, 2020, EEOC declined to reopen its investigation and specifically referenced the arbitration award as its basis for discontinuing the investigation because it mistakenly believed the grievance proceeded on the "same basis and issues identified in your EEOC charges".

20.   On or about January 15, 2021, Plaintiff served a certified letter upon EEOC indicating that it has not issued a Final Agency Decision finding that Defendant had not engaged in discriminatory or retaliatory actions and notifying Plaintiff of her right to file suit in federal court within ninety days of the issuance of any Final Agency Decision and requesting issuance of the same.

21.   Complainant now timely files the instant action associated with the claims addressed in that Final Agency Decision regarding which she has now exhausted all administrative remedies.

## **FACTS**

22.   Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

23.    Plaintiff timely files this Complaint for relief from the discriminatory and illegal

5

treatment that she experienced as a result of Defendant's actions and inactions.

24.     Plaintiff is an African-American, female who was pregnant in 2012 and 2013.

## CAUSES OF ACTION

### COUNT ONE
**(Hostile Work Environment Harassment on the Basis of Sex, Disability, Race, and Reprisal in violation of Title VII of the Civil Rights  Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. and the Rehabilitation  Act of 1973, 42 U.S.C. § 12111, *et seq*.)**

25.     Plaintiff incorporates all information and allegations contained in the preceding paragraphs as if fully set forth herein.

26.     Since approximately 2013, Plaintiff suffered harassment at the hands of Defendant's management officials as a result of her sex, disability, race, and protected EEO activity.

27.     Similarly situated co-workers (non-female) were not subjected to the same adverse treatment in the terms and conditions of their employment in that, unlike her similarly situated coworkers, Plaintiff endured unnecessary supervisory scrutiny, undermining of her supervisory roles, verbal harassment, declination of requests for transfers to administrative and limited duty assignments, surrendering her service weapon, unfair performance evaluations, and termination.

28.     Similarly situated co-workers that were not pregnant ( m a l e  a n d  f e m a l e ) were not subjected to the  same adverse treatment in the terms and conditions of their employment in that, unlike her similarly situated coworkers, Plaintiff endured unnecessary supervisory scrutiny, undermining of her supervisory roles, verbal harassment, declination of requests for transfers to administrative and limited duty assignments, surrendering her service weapon, unfair performance evaluations, and termination.

29.     Similarly situated co-workers (non-African American) were not subjected to the same adverse treatment in the terms and conditions of their employment in that, unlike her similarly situated coworkers, Plaintiff endured unnecessary supervisory scrutiny, undermining of her

supervisory roles, verbal harassment, declination of requests for transfers to administrative and limited duty assignments, surrendering her service weapon, unfair performance evaluations, and termination.

30.    In or about 2013, Plaintiff complained to her supervisors of the unlawful, hostile, discriminatory, and retaliatory treatment to which she and Detective Watkins were being subjected.

31.    Plaintiff began to be treated differently from her similarly situated co-workers and from how she was treated prior to complaining about the disparate treatment and discrimination.

32.    As a result of Plaintiff's sex, pregnancy, race, complaints of discrimination, and testimony in Detective Watkins' two EEOC cases,  Plaintiff was routinely discriminated against and the employer engaged in an unwelcomed and persistent pattern of  severe or pervasive harassment set forth herein, which interfered with Plaintiff's work performance and/or created a hostile and offensive workplace.

33.    The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

34.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

35.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

36.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**COUNT TWO**

**(Discrimination on the Basis of Disability in violation of The Rehabilitation Act of 1973, as amended, 42 U.S.C. § 12111, et seq.)**

37.     Plaintiff incorporates all information and allegations contained in paragraphs 1 through 24 as if fully set forth herein.

38.     In or about 2013, Plaintiff suffered harassment at the hands of Defendant's management officials as a result of her pregnancy.

39.      Similarly situated co-workers (non-pregnant male and females) were not subjected to the  same adverse treatment in the terms and conditions of their employment in that, unlike her similarly situated coworkers, Plaintiff endured unnecessary supervisory scrutiny, undermining of her supervisory roles, verbal harassment, declination of requests for transfers to administrative and limited duty assignments, surrendering her service weapon, unfair performance evaluations, and termination.

40.     Plaintiff began to be treated differently from her similarly situated co-workers and from how she was treated prior to her pregnancy.

41.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

42.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

43.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

44.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity

now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT THREE
**(Discrimination on the Basis of Sex in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.)**

45.     Plaintiff incorporates all information and allegations contained in paragraphs 1 through 24 as if fully set forth herein.

46.     Since approximately 2013, Plaintiff suffered harassment at the hands of Defendant's management officials as a result of her sex.

47.     Similarly situated co-workers (non-female) were not subjected to the same adverse treatment in the terms and conditions of their employment in that, unlike her similarly situated coworkers, Plaintiff endured unnecessary supervisory scrutiny, undermining of her supervisory roles, verbal harassment, declination of requests for transfers to administrative and limited duty assignments, surrendering her service weapon, unfair performance evaluations, and termination.

48.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

49.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

50.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

51.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity

now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

## COUNT FOUR

**(Discrimination on the Basis of Race in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.*)**

52.     Plaintiff incorporates all information and allegations contained in paragraphs 1 through 24 as if fully set forth herein.

53.     Since approximately 2013, Plaintiff suffered harassment at the hands of Defendant's management officials as a result of her race.

54.     Similarly situated co-workers (non-African-American) were not subjected to the same adverse treatment in the terms and conditions of their employment in that, unlike her similarly situated coworkers, Plaintiff endured unnecessary supervisory scrutiny, undermining of her supervisory roles, verbal harassment, declination of requests for transfers to administrative and limited duty assignments, surrendering her service weapon, unfair performance evaluations, and termination.

55.     The adverse treatment that Plaintiff was being subjected to by Defendant was in front of and obvious to her co-workers.

56.     As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

57.     Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

58.     Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity

now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto

## COUNT FIVE
**(Reprisal in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq.)**

59.    Plaintiff incorporates all information and allegations contained in paragraphs 1 through 24 as if fully set forth herein.

60.    In or about 2013, Plaintiff complained to her supervisors of the unlawful, hostile, discriminatory, and retaliatory treatment to which she and Detective Watkins were being subjected, and raised the same in her aforementioned grievance with her union, all of which thereby made Defendant aware of her protected EEO activities.

61.    Since approximately 2013, Plaintiff suffered harassment at the hands of Defendant's management officials as a result of her protected EEO activities in reporting her own harassment and discrimination, providing testimony in Detective Watkins' two EEO cases, and filing her grievance.

62.    Since approximately 2013, Plaintiff began to be treated differently from her similarly situated co-workers and from how she was treated prior to complaining about the disparate treatment and discrimination of her and Detective Watkins.

63.    Similarly situated co-workers that did not lodge such complaints were not subjected to the  same adverse treatment in the terms and conditions of their employment in that, unlike her similarly situated coworkers, Plaintiff endured unnecessary supervisory scrutiny, undermining of her supervisory roles, verbal harassment, declination of requests for transfers to administrative and limited duty assignments, surrendering her service weapon, unfair performance evaluations, and termination.

64.    The adverse treatment that Plaintiff was being subjected to by Defendant was in

front of and obvious to her co-workers.

65.    As a direct and proximate cause of Defendant's conduct alleged throughout this Complaint, Plaintiff suffered and continues to suffer from harm, injury and monetary damages, including but not limited to past and future loss of income, benefits, promotion and promotional opportunities, career opportunities, medical expenses and costs, and is entitled to all available legal and equitable remedies.

66.    Plaintiff was humiliated, embarrassed and made to endure a great amount of pain and suffering, and her injury is permanent in nature.

67.    Plaintiff has incurred lost wages, loss of reputation and loss of career opportunity now and into the future, and all of the other losses stated without Plaintiff contributing in any way thereto.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Award compensatory damages;

b.  Damages and equitable relief for all harm Plaintiff has sustained as a result of Defendant's unlawful conduct including for loss of promotional potential, reputation, lost wages, lost job benefits she would have received but for Defendant's unlawful conduct;

c.  Award any medical costs and expenses incurred as a result of Defendant's unlawful conduct;

d.  Award reasonable attorney fees, costs, and expenses incurred for this action;

e.  Order Defendant to institute a policy and procedure to be implemented against discrimination;

f.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

g.  Supervisory training for the supervisors at issue herein;

h.  Award equitable, declaratory, and injunctive relief; and

i.  Award such other and further relief as this Honorable Court deems just and

proper.

## EQUITABLE RELIEF

68.     Plaintiff hereby incorporates, by reference hereto, the facts, law, and/or allegations contained within the preceding paragraphs, as fully set forth herein.

69.     Because of the actions alleged herein, the continued employment of the supervisors at issue herein without training in equal employment opportunity law, rules and regulations, present clear and present dangers to the employees of Defendant and could result in further illegal actions on the party of Defendant, by and through its agents, servants and employees.

**WHEREFORE**, Plaintiff respectfully prays that this Honorable Court:

a.  Order the Defendant to institute a policy and procedure to be implemented against discrimination;

b.  Equal Employment Opportunity training for Defendant and the supervisory officials at issue herein;

c.  Supervisory training for the supervisors at issue herein; and

d.  Such other and further relief as this Court deems just and proper.

## <u>JURY DEMAND</u>

Plaintiff demands a trial by jury on all issues set forth herein.

<div style="margin-left: 40%;">

Respectfully submitted,

By:   *<u>Donna Williams Rucker</u>*
DONNA WILLIAMS RUCKER
  (D.C. Bar No. 446713)
TULLY RINCKEY PLLC
2001 L Street, N.W., Suite 902
Washington, DC 20036
Office: (202) 787-1900
Facsimile: (202) 640-2059
Email: drucker@fedattorney.com
Counsel for Plaintiff

</div>

July 12, 2021